IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH BULLEN, | No. C-09-04117 SBA (EDL) |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| CITIGROUP GLOBAL MARKETS, | |
| Defendant. | |

In this proposed class action, Plaintiff Leah Bullen, who was employed as a bank-based Financial Advisor, alleges that Defendant Citigroup Global Markets discriminated against her based on her gender. On December 3, 2009, Plaintiff served Interrogatory 1, which states:

> For every individual employed by Defendant Citigroup Global Markets, Inc., d/b/a/ Smith Barney as a bank-based Financial Advisor in the State of California at any time since September 3, 2007, provide the following information:
>
> a. the individual's full name;
> b. the individual's last known address;
> c. the individual's last known telephone numbers;
> d. the individual's starting and ending dates of employment; and
> e. the individual's work site or sites by branch number, location and city.

Declaration of Sang Park Ex. A. The parties agree that there are 77 female bank-based Financial Advisors in California that are at issue in Interrogatory 1. Defendant has responded to this Interrogatory with objections based on the right to privacy, attorney-client privilege and work product, overbreadth and undue burden, and has provided no substantive response. Plaintiff argues that she is entitled to this information in advance of briefing the class certification issues, and Defendant argues that Plaintiff is not entitled to this information until she can make a prima facie showing that a class action is maintainable. For the reasons stated at the hearing and in this Order, Plaintiff's Motion to Compel is granted in part.

1       "Whether or not discovery will be permitted in a case of this nature [prior to class
2 certification] lies within the sound discretion of the trial court." <u>Kamm v. California City Dev. Co.</u>,
3 509 F.2d 205, 210 (9th Cir. 1975).  There is a split of authority as to whether pre-certification
4 discovery of identifying information for potential class members is permissible.  <u>Compare</u> <u>Hoffman-</u>
5 <u>LaRoche, Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989) (stating that the district court was correct in
6 permitting discovery of the names and addresses of potential class members: "Without pausing to
7 explore alternative bases for the discovery, for instance that the employees might have knowledge of
8 other discoverable matter, we find it suffices to say that the discovery was relevant to the subject
9 matter of the action and that there were no grounds to limit the discovery under the facts and
10 circumstances of this case."), <u>and</u> <u>Babbitt v. Albertson's. Inc.</u>, 1992 WL 605652, *5-6 (N.D. Cal.
11 Nov. 30, 1992) (court ordered production at pre-certification stage of identifying information for
12 current and past employees, stating that "[d]efendant has access to this information, and plaintiff
13 should have the same access. Furthermore, the information could lead to the discovery of admissible
14 evidence relevant to the class certification issue."), <u>with</u> <u>Mantolete v. Bolger</u>, 767 F.2d 1416 (9th
15 Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination
16 of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie
17 showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely
18 to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to
19 allow class discovery is not an abuse of discretion.").  The weight of authority, however, is to allow
20 pre-certification discovery of contact information for class members.

21       At the hearing, Defendant's counsel explained the general structure in California of
22 Citigroup Global Markets.  He explained that Plaintiff worked in the East Bay area, which is part of
23 a larger region, and that there are at least two regions in California.  Based on that explanation, and
24 because Plaintiff has not made a showing at this point that there is any overarching policy or practice
25 or common decision-maker(s) regarding female bank-based Financial Advisors in California that
26 would justify state-wide discovery, the Court grants in part Plaintiff's motion to compel.  Discovery
27 is limited to identifying information for female bank-based Financial Advisors in the Northern
28 California region that encompasses the East Bay area in which Plaintiff worked.  Further, Defendant

**United States District Court**
For the Northern District of California

1 shall provide Plaintiff with objective information, such as an organizational chart, sufficient to show
2 Defendant's structure in California as explained at the hearing. As stated at the hearing, the
3 identifying information shall be kept confidential and shall not be used for any purpose other than
4 this case. The parties shall meet and confer to agree on a formal protective order to govern
5 confidential information in this case. This Order is without prejudice to Plaintiff obtaining the same
6 contact information for other California female bank-based Financial Advisors if the information for
7 her region supports or other discovery provides a basis for doing so.

**IT IS SO ORDERED.**

Dated: June 3, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge